Johnston, Judge.
I am of opinion that the judgment should be arrested for the second reason, notwithstanding the meaning of the word brest is unequivocally explained by the antecedent words, where the wound is charged to be given under the left breast, and the mortal wound is charged to be given on the aforesaid left brest; yet I consider myself bound by all the authorities which require the greatest strictness and accuracy in all capital proceedings, and which does not appear in any instance to have been dispensed with, though in some cases carried to a degree of critical exactness, not easily to be reconciled to good sense or found understanding; and though this case may by some be considered of that description, yet I am not disposed to give a judgment which might appear in any respect to run counter to the opinion of the most learned and respectable judges, who have written or decided in like cases.
Taylor, Judge.
I have no disposition to withhold my assent from the principle, that a criminal charge, and particularly one which may affect the life of a citizen, should be expressed fully, clearly and accurately. A due observance of this principle guards against the evils of discretional judicature; and whilst it affords additional security to civil freedom, and advances the claims of humanity, connects with the specific *213 crime its legal and appropriate punishment.—Wherever plain and intelligible authorities give countenance to an exception, either by application or just analogous reasoning—wherever the reason of the law speaks, though the law itself be silent, it is fit that objections so supported should be sustained by a court of justice. But, according to my apprehension, the doctrine has already been extended to a sufficient degree, to answer all the purposes of security and justice; and to extend it further, might justify those objections which have heretofore been alledged in reproach of the law.
The defect in the indictment for which this motion is made, is the omission of a single letter, a vowel which, if inserted, could not be founded in articulation, and the want of which could not possibly mislead the jury who found the bill, or, any one who reads it, as to the true meaning of the word. If taken with the context, it were possible to affix any other meaning to the word, than that part of a man’s body which is denominated the left breast, or if the word were wholly insensible, and conveyed no meaning, then the objection would strike me in a different light; but connected as it is, with the adjuncts “aforesaid” and “left,” the mind does not hesitate in applying its obvious signification.—I do not think that much light can be thrown on this question by the cases that have been cued relative to indictments in Latin, the genius of which language is so essentially different from ours; for that it is by the varying termination of the substantive that the different connexions and relations of one thing to another are expressed; *214 whereas prepositions are chiefly used in the English language for the same purpose. Hence the addition or omission of a single letter in a Latin word, is more likely to confound the sense, than in an English one. In the case cited from Cro. Eliz. 337, there is not only a false concord of case and gender; but the plural termination of the substantive “brachia,” renders the sentence altogether uncertain; and the objection to the indictment arising from this circumstance, strikes deeper than the neglect of grammatical precision. We also learn from Long's case, which has been cited from 5 Co. that false Latin doth not vitiate an indictment, nor any false concord between the substantive and the adjective, because though the expressions be incongruous, yet they are Latin, and significant, and convey the sense as clearly as if they had been properly expressed. Otherwise it is if a word be used which is not Latin, or one that is proper Latin be used in another sense, whether different or more extensive. Another case is cited from Cro. Jac. 133, which appears to me not to bear upon the question. It is an indictment of perjury upon the stat. of Eliz. which ought to have been hereby recited; but in a material part of the indictment, the word “admitteret” is used instead of “amitteret,” which the statute contains; and for this variance the outlawry was reversed—the two words belong to verbs which have distinct meanings; the one signifying to lose, the other to admit—such an error, which made nonsense of the sentence, could not but be fatal.
Then as to the case cited from Ld. Raym. 1515, where “austrialia” was used instead of “australia,” that was decided to be insufficient *215 on the ground of variance; upon which subject, though the law is emphatically strict, yet it will appear that this decision is not reconcilable with its true doctrine. For this, as laid down in Cowper 229, and Salk. 660, appears to be, that where the omission or addition of a letter does not change the word, so as to make it another word, the variance is not material; but that where the misrecited word is in itself not intelligible with the context, there the variance is fatal.— Upon this principle it was, that understood” for “understood,” in an indictment for perjury, was held not to be material; that “recieveed” for “received,” in an indictment for forging a bill of exchange, was held not to vitiate the indictment, the court considering that it was only mis-spelt, and that there was not a possibility of mistaking it for any other word in the English language—Hart's case, Leach 146.—And upon the same principle also, it ought to follow, that the case in Ld. Raym. should have been differently decided, since the addition of a letter did not make it a distinct word.
Considering this case then, as well upon the authorities as upon the reason of the thing, I apprehend that it is not possible to mistake this word so mis-spelt for any other, and that the motion ought not to prevail.
Hall and Macay, Judges, agreed in opinion with Judge Johnston, and the judgment arrested.